IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEIA MARIE CRUZ-PEREZ,

                Plaintiff,

   v.

JUDGE PATRICIA BAKER, SHEILA KESSLER,          OPINION and ORDER
CORPORATION COUNSEL, ERIN GREGORIO,
WENDY AXT, STEPHANIE BAUTISTA, TERESA          25-cv-620-wmc
KOVAK, CRAIG SANKEY, LAW ENFORCEMENT
OFFICERS, and CHILD SUPPORT AND COURT
STAFF,

                Defendants.

---

Plaintiff Leia Marie Cruz-Perez, who is representing herself while incarcerated at the Portage County Jail, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that various individuals in Portage County, Wisconsin, violated her constitutional rights in conjunction with the removal of plaintiff's daughter from her custody in 2019 and 2025. She has also filed a motion for preliminary injunctive relief, seeking immediate release from jail and the return of her child. (*See* dkt. ##2 and 5.) Because plaintiff seeks to proceed without prepayment of the entire filing fee, the next step is to screen her complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B) and § 1915A. The court accepts plaintiff's allegations as true and construes them generously, holding her pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, plaintiff's allegations are too vague and confusing to meet the pleading standard of Federal Rule of Civil Procedure 8. Accordingly, the court will dismiss plaintiff's

complaint without prejudice, deny her motion for preliminary injunctive relief, and give plaintiff a brief opportunity to file an amended complaint that fixes the problems laid out below.

## ALLEGATIONS OF FACT[1]

Plaintiff Leia Marie Cruz-Perez, who is a resident of Stevens Point, Wisconsin, is currently incarcerated at the Portage County Jail on a variety of felony and misdemeanor charges, including interference with child custody, stalking, possession of illegal substances, and bail jumping. *See, e.g., State v. Cruz-Perez*, Portage Cty. Case Nos. 2025CF325 (filed Jul. 25, 2025), 2025CF329 (filed Jul. 28, 2025), and 2025CF330 (filed Jul. 28, 2025). Plaintiff is the biological mother and legal custodian of A.M., who was removed from plaintiff's custody allegedly without a valid order on July 9, 2019, and again on July 25, 2025.

Plaintiff alleges that CPS and court staff manipulated records and denied her due process between 2019 and 2025. Plaintiff also alleges that A.M. was removed from her custody on July 10, in retaliation for plaintiff preparing to file a federal lawsuit. However, plaintiff does not explain the specific actions taken, and publicly available court records accessed online do not show any ongoing legal proceedings regarding the custody and physical placement of her child.

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's amended complaint are taken as true for purposes of screening.

OPINION

Plaintiff's complaint asserts claims against several court, child protective services ("CPS"), and law enforcement officials: Judge Patricia Baker; Court Commissioner Sheila Kessler; the Portage County Corporation Counsel; CPS workers Erin Gregorio, Wendy Axt, Stephanie Bautista, Teresa Kovak, and Craig Sankey; unnamed law enforcement officers from the Portage County Sheriff's Department and the Stevens Point Police Department; and child support and court staff. After review, the court concludes that plaintiff's complaint must be dismissed.

To start, judges are immune from liability for actions taken in their judicial capacity even if those acts are "flawed by commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). Accordingly, plaintiff may not proceed against Judge Patricia Baker or Court Commissioner Sheila Kessler.

With respect to the remaining defendants, the question becomes whether the allegations in plaintiff's complaint support a constitutional claim against them. Plaintiff cites the Fourth and Fourteenth Amendments and discusses retaliation for preparing a lawsuit, which invokes possible protections under the First Amendment.

While the Fourth Amendment prohibits the government from removing a child from their home without probable cause or being justified by exigent circumstances, *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1010 (7th Cir. 2000), that right belongs to the child and not their

3

parent, *see Mabes v. Thompson*, 136 F.4th 697, 708 (7th Cir. 2025) (discussing *children's* Fourth Amendment right against unreasonable seizure).  Moreover, plaintiff cannot bring a claim on behalf of her daughter.  *Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012) ("pro se plaintiffs cannot represent others"); *Tuttle v. Illinois Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel.").

Nonetheless, as A.M.'s biological parent, plaintiff has a fundamental right, protected by the due process clause, to parent her child.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981).  A parent may be deprived of that right only if she is afforded notice and an opportunity to be heard at a meaningful time in a meaningful way.  In cases involving the termination of parental rights or the removal of a child from the parental home, this usually would require a hearing and an opportunity to participate in that hearing.  *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982).  When the state provides adequate remedies to the parent, there is no due process violation.  *Id*. at 515; *see also Jones v. Jones*, 142 Wis. 2d 943, 419 N.W.2d 573 (Ct. App. 1987) (reviewing a Dane County Court Commissioner's *ex parte* order granting custody of a child and concluding that court hearings concerning the order after it was entered satisfied due process).  While procedural due process "at a minimum requires that government officials not misrepresent the facts in order to obtain the removal of a child from his parent," *Mabes*, 136 F.4th at 710, substantive due process "requires only that a caseworker have 'some definite and articulable evidence giving rise to a reasonable suspicion' of danger to the child before separating them from their parents," *id.* at 709 (quoting *Brokaw*, 235 F.3d at 1019).

Here, plaintiff only vaguely alleges that the custody order was not valid and that various staff manipulated records.  Therefore, as currently pled, her complaint does not satisfy Federal

4

Rule of Civil Procedure 8, which requires the complaint to present "a short and plain statement of the claim showing that [s]he is entitled to relief." Because plaintiff's complaint is so lacking in detail, the court will give her the opportunity to submit a proposed amended complaint explaining how defendants -- with the exception of the two judges -- manipulated records or prevented her from accessing a remedy in the state court system, not just that she is dissatisfied with the results. In deciding whether to submit an amended complaint, plaintiff should bear in mind that her claim will go forward only if she can allege facts in good faith suggesting that she has had no meaningful opportunity to be heard concerning her parental rights. She should tell a more complete story about what the CPS workers, court staff, and law enforcement officers did to prevent her from having a full and fair opportunity to protect her parental rights and what steps she has taken to reverse any unfavorable orders. In particular, plaintiff should provide a description of the court proceedings and a timeline of the events leading up to any action that was taken, the steps each defendant took to interfere with her ability to participate in the proceedings, and the impact of those steps on the proceedings. Finally, to the extent plaintiff is seeking to pursue a retaliation claim under the First Amendment, she can clarify this in her amended pleading, taking care to allege whether she engaged in activity protected by the First Amendment, she suffered a deprivation that would likely deter First Amendment activity in the future, and her First Amendment activity was "at least a motivating factor" in defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

    If plaintiff submits a proposed amended complaint by September 8, 2025, the court will take it under advisement for screening pursuant to § 1915(e)(2) and § 1915A. If plaintiff

fails to respond to this order by that deadline, the case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Leia Marie Cruz-Perez's complaint (dkt. #1) is DISMISSED without prejudice for her failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff shall have until September 8, 2025, to submit an amended complaint that omits improper defendants and provides additional details related to her proposed claims against defendants.  If plaintiff submits a proposed amended complaint by that deadline, the court will take it under advisement for screening.  If plaintiff fails to respond to this order by that deadline, the case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

3. Plaintiff's motion for preliminary injunctive relief (dkt. ##2 and 5) are DENIED.

Entered this 8th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge