IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEIA MARIE CRUZ-PEREZ,

                Plaintiff,

   v.

JUDGE PATRICIA BAKER, SHEILA KESSLER,         OPINION and ORDER
CORPORATION COUNSEL, ERIN GREGORIO,
WENDY AXT, STEPHANIE BAUTISTA, TERESA         25-cv-620-wmc
KOVAK, CRAIG SANKEY, LAW ENFORCEMENT
OFFICERS, and CHILD SUPPORT AND COURT
STAFF,

                Defendants.

---

Plaintiff Leia Marie Cruz-Perez, who is representing herself, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that various court, law enforcement, and Child Protective Services ("CPS") officials in Portage County, Wisconsin, violated her constitutional rights in conjunction with the removal of her daughter from her custody in 2019 and 2025. The court dismissed plaintiff's complaint for failing to meet the pleading standard of Federal Rule of Civil Procedure 8 and gave her an opportunity to add more details about the incidents in question. (Dkt. #8.) Now plaintiff has filed two additional complaints that add a litany of allegations against the previously-named defendants, as well as numerous new defendants, who include her criminal defense attorneys. (Dkt. ##9-10.) As it did with plaintiff's initial complaint, the court must screen plaintiff's amended complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). The court accepts plaintiff's allegations as true and construes them generously, holding her pro se complaint to a less stringent standard than one a lawyer drafts.

*Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Having reviewed plaintiff's additional allegations and electronic court records under this standard, this court concludes that it must abstain from exercising jurisdiction over any of plaintiff's proposed claims under *Younger v. Harris*, 401 U.S. 37 (1971). Therefore, this case will be closed and stayed pending the resolution of plaintiff's criminal charges, after which plaintiff can move to reopen the case.

## ALLEGATIONS OF FACT[1]

Plaintiff Leia Marie Cruz-Perez, who is a resident of Stevens Point, Wisconsin, is the biological mother and legal custodian of A.M., who was removed from plaintiff's custody allegedly without a valid order on July 9, 2019, and again on July 25, 2025. Publicly available court records accessed online now reveal that plaintiff is facing a variety of felony and misdemeanor charges, including interference with child custody, stalking, possession of illegal substances, and bail jumping, with a trial yet to be scheduled. *See, e.g., State v. Cruz-Perez*, Portage Cnty. Case Nos. 2025CF330 (filed Jul. 28, 2025), 2025CF325 (filed Jul. 25, 2025), 2025CF264 (filed Jul. 14, 2025), and 2024CM201 (filed Jun. 25, 2024).

## OPINION

Plaintiff contends that law enforcement, CPS workers, prosecutors, judges, and other state court staff violated her constitutional rights by manipulating records and taking a variety of actions between July 2019 and July 2025, which led to her arrest and the removal of A.M. from her custody without a valid order. However, this court cannot consider her claims because

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's first and second amended complaints (dkt. ##9-10) are taken as true for purposes of screening.

they are all intertwined with her *ongoing* state-court criminal cases.[2] Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43-44. Because plaintiff's claims, which generally concern the alleged fabrication of evidence and her alleged false arrest and prosecution, would unduly interfere with her criminal proceedings, *see Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), this court must abstain from deciding these claims until those proceedings have ended. However, plaintiff may raise her objections to the ongoing court proceedings in state circuit court or the state appellate courts, as appropriate.

Accordingly, the court will stay this case and direct the clerk of court to close it. Plaintiff may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). However, if plaintiff's criminal cases result in a conviction, she may not be able to proceed with all of her claims in this case, as this court will have to dismiss any claims for which a judgment in her favor would imply the invalidity of a state conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

---

[2] Even if plaintiff did not have ongoing state-court proceedings, as this court explained in its previous order, many of these officials are immune for their official actions, so plaintiff would not be able to bring claims against these individuals. *See, e.g., Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (prosecutors); *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (judges); *Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010) (nonjudicial court staff performing ministerial acts related to judicial proceedings). In addition, the domestic relations exception to federal jurisdiction would prevent this court from exercising jurisdiction over matters involving child custody and the imposition and collection of child support, which are governed by state law and must be litigated in state court. *See Rose v. Rose*, 481 U.S. 619, 625 (1987); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

ORDER

IT IS ORDERED that:

1. The court ABSTAINS from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Leia Marie Cruz-Perez's state criminal proceedings.

2. This case is STAYED, and the clerk of court is directed to close the case.

3. Plaintiff must move to lift the stay within 60 days after the conclusion of her criminal proceedings, including any direct appeal. If plaintiff fails to comply with this order, the case will remain closed, and plaintiff may be barred by the statute of limitations from bringing her federal claims in any future case.

Entered this 29th day of January, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge